JOHN F. GRAYSON and CAROLINE GRAYSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grayson v. Commissioner
Docket No. 3736-76.
United States Tax Court
T.C. Memo 1977-304; 1977 Tax Ct. Memo LEXIS 141; 36 T.C.M. (CCH) 1201; T.C.M. (RIA) 770304; September 7, 1977, Filed John F. Grayson, pro se. Louis T. Conti, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1973 in the amount of $647.19. At trial petitioners conceded the correctness of all of the Commissioner's adjustments to their taxable income in the statutory notice of deficiency except the disallowance of expenses of $2,088.36 incurred in traveling from their residence to Petitioner John F. Grayson's place of employment. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated by reference. Petitioners, husband and wife, resided at Newark, Delaware, when they filed their petition. Throughout the taxable year 1973 they *142 resided in Clayton, New Jersey. Petitioner John F. Grayson (hereinafter referred to as petitioner) was an electrician in 1973 and was employed as such in the construction of a nuclear power generating plant at Artificial Island, New Jersey, some 5 or 6 miles from Salem, New Jersey, or approximately 40 miles from petitioners' residence. During 1973 petitioner drove his automobile to work and carried his tools in the trunk of his automobile.It was necessary for him to carry his tools to work. The busline to Salem is within 100 yards of petitioners' residence which would take petitioner to Salem in 40 to 45 minutes.If petitioner had not had to transport his tools to work, he would have ridden the bus to Salem and "hitchhiked" from Salem to the job site. Hitching a ride to the job site was not difficult as 4,000 to 5,000 people drive between Salem and the job site each day. The busline which ran near petitioners' residence to Salem ran buses each 30 minutes. Petitioner had "hitchhiked" from Salem to the job site on occasion and found it to be satisfactory because many of the workers knew each other. Petitioner and others investigated the possibility of car pooling but abandoned *143 the plan as being unsatisfactory. On their income tax return for the taxable year 1973 petitioners deducted $2,088.36 as travel expenses from their residence to the job sites at Artificial Island where petitioner worked. The Commissioner disallowed the deduction without stating any ground therefor in the statutory notice of deficiency. OPINION The issue to be decided in this case is difficult to frame because both parties filed "form briefs," virtually identical to those filed by the parties in Randazzo v. Commissioner, docket No. 4155-76 and respondent's brief is also virtually identical to the brief he filed in Radocy v. Commissioner,T.C. Memo 1977-282.The issue in this case is factual and filing "form briefs" which do not focus on the evidence presented at trial is fruitless and insulting to the Court. The law is well settled that expenses in commuting from one's residence to his place of employment are generally not deductible. Sec. 262, Internal Revenue Code of 1954, as amended; Commissioner v. Flowers,326 U.S. 465 (1946). The Supreme Court in Fausner v. Commissioner,413 U.S. 838 (1973), *144 has held, however, that the additional cost incurred by a taxpayer who is required to transport his tools to work in excess of what he would spend to travel to work is deductible. Respondent concedes in his "form brief" that if petitioner would have traveled to work using transportation other than his automobile he would be entitled to the deduction he claimed. Instead of addressing his brief to petitioner's testimony, respondent filed a "form brief" which was addressed to contentions not even made by petitioner and respondent did not even comment on petitioner's testimony, much of which was elicited by cross-examination. Petitioner testified unequivocally as to the bus schedule of the busline which ran near his home to Salem and his ability, based on personal experience, to "hitchhike" from Salem to the job site. He testified further that he would travel to and from work in such a manner if it were not for the fact that he had to transport his tools to work. We believe the testimony of petitioner and it comes with respondent's concession. Accordingly, petitioners are entitled to deduct the travel expenses of $2,088.36. Decision will be entered under Rule 155.